## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

TRACY SHEPHERD,

       Plaintiff,

v.

LIBERTY ACQUISITIONS, LLC and
ROBERT G. BUSCH, P.C. d/b/a BUSCH
PROFESSIONAL CORPORATION and
EQUIFAX INFORMATION SERVICES, LLC

       Defendants.

_____

### COMPLAINT AND JURY DEMAND
_____

Comes now Plaintiff Tracy Shepherd and for her causes of action against the Defendants states:

### Jurisdiction

1. That Plaintiff is an adult citizen of the United States and of the State of Colorado. That Plaintiff is a "consumer" and beneficiary of the provisions of both the Fair Credit Reporting Act, Title 15, Section 1681 U.S.C. et.seq. and the Fair Debt Collection Practices Act, Title 15, Section 1692 et. seq. That this action is brought to enforce liability created by the Fair Credit Reporting Act that arose within two years of the filing of this complaint under the Fair Debt Collection Practices Act is brought within one year of the acts complained of. This Court has jurisdiction. 15 U.S.C. § 1681p and 15 U.S.C. Sec 1692k.

**Allegations Common to All Counts**

2.      That defendant Liberty Acquisitions, LLC (hereinafter "Liberty") is a purchaser of defaulted consumer debt that purchases such debt for pennies on the dollar then collects it from consumers who allegedly owe the debts. Defendant Robert G. Busch, P.C. (hereinafter "Busch") is a professional corporation doing business as Busch Professional Corporation and operates as a collection law firm that regularly collects defaulted consumer debt. The action against Liberty and Busch is for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* having occurred within one year of the filing of this complaint.

3.      Defendant Equifax Information Services, LLC (hereinafter "Equifax") is an entity doing business in the State of Colorado and is a "consumer reporting agency" within the meaning of Title 15, Section 1681a(f) U.S.C.  Defendant Equifax maintains files on a nationwide basis and is bound by the additional provisions of said statute applying to such national bureaus. Defendant Equifax has issued reports regarding Plaintiffs that constitute consumer reports under said act.  This action is brought to enforce liability created by the Fair Credit Reporting Act that arose within two years of the filing of this complaint.

4.      That the Defendant Liberty, represented by Defendant Busch attempted to collect from Plaintiff a debt claimed to be owed to it for an Orchard Bank "fee harvesting" credit card used by plaintiff primarily for personal and household purposes that had a $300.00 credit limit. Plaintiff pleads upon information and belief, based upon counsel's knowledge of the consumer debt buying industry, that it purchased the debt for less than $228.26 and probably much less.

5.      That in an attempt to collect the debt Defendants Liberty and Busch

obtained a default judgment against Plaintiff for card debt owed to Orchard Bank and assigned to Defendants Liberty and Busch on March 13, 2008 for $2,281.26 on the $300 card. In obtaining said judgment Defendants Liberty and Busch prepared a form of default judgment for the Mesa County Court which it ultimately filed that appeared in the state court file. The judgment prepared by Defendants Liberty and Busch was adopted by the Court and became final and the judgment. The court file on its face showed that Defendant was entitled to eight percent interest on the judgment pursuant to C.R.S. § 5-12-102 (4). Defendants Liberty and Busch ran a number of lawful garnishments on Plaintiff and fully satisfied the judgment and the satisfaction was evident from the state court file.

6. Because of the lawful garnishments Plaintiff was unable to pay the rent on her home and resigned herself to move in with her mother until she was able to financially recover. Having fully satisfied the debt, Plaintiff made arrangements to purchase a new home. The closing date was set and Plaintiff was required to bring money to the closing for a down payment. Plaintiff diligently saved her down payment money in the Grand Junction Federal Credit Union and was excited to close and move back into her own home.

7. That on or about March 24, 2010 Defendants Liberty and Busch issued a garnishment on Plaintiff's account at Grand Junction Federal Credit Union claiming post judgment interest of a substantial amount which was not owed based on the judgment record, the court file and C.R.S. § 5-12-102 (4) as well as untaxed costs. The Plaintiff filed a motion for relief from the judgment and garnishment. The state court ruled on June 16, 2010 that the judgment was in fact satisfied and the matter is now and has been *res judicata* and is further collateral estoppel and judicially established as to that Defendant

Liberty that it was not entitled to collect the money.

8. When Plaintiff learned that the garnishment had taken her closing money she suffered severe emotional distress and suffered humiliation from having to borrow closing money from relatives after having already endured over a year of living with her mother because of the lawful garnishments.

9. When Plaintiff moved the state court for relief from the garnishment that was improper based on the face of the judgment record Defendants Liberty and Busch filed a pleading that attempted to collect "6 hours of attorney time" at $125.00 per hour ($750.00) based on what Defendants Liberty and Busch misrepresented was a motion presented by Plaintiff "solely for the purpose of harassment" but which was ultimately sustained by the court as meritorious and not appealed by Defendants Liberty and Busch and thus judicially established by collateral estoppel as not owing. Even if Defendants Liberty and Busch were allowed fees, it would take no reasonable attorney six hours to complete the project and the motion and those amounts would still not have been due.

## Count I, Fair Debt Collection Practices Act, Defendant Liberty

Comes now Plaintiff and for her cause of action against Defendant Liberty, under Count I, and states.

10. That the Defendants Liberty and Busch engaged in unconscionable means to collect a debt in that it attempted to collect the foregoing interest, untaxed costs and attorneys fees for what it called a motion "intended to harass," when none of those amounts were owed under the applicable state law, all in violation of 15 U.S.C. § 1692f(1). Further, the motion for attorney's fees was itself frivolous.

11. That Defendants Liberty and Busch falsely represented to the state court in

connection with its attempt to collect a debt that the judgment entered entitled it to a high rate of post judgment interest, untaxed costs, six hours of attorney time and that Plaintiff's motion was solely for the purpose of harassment.  Such statements constituted false or misleading representations in connection with the collection of a debt under 15 U.S.C. Section 1692e.

12. That as a result of the violations Plaintiff sustained recoverable emotional distress, embarrassment and attorneys fees in the underlying state court case.  Further plaintiff has incurred and is incurring legal fees in bringing this action.

WHEREFORE: Plaintiff prays judgment against the defendant in such sum as is reasonable, additional damages under 15 U.S.C. Section 1692k(a)(2)(A), plus attorney's fees under 15 U.S.C. Section 1692k(a)(3), plus interest on his judgment and his costs.

### Count II, Fair Credit Reporting Act, Defendant Equifax

Comes now Plaintiff and for her cause of action against Defendant Equifax under Count I and states:

13. That the State Court's order finding the judgment satisfied was entered, as is customary in the Colorado state system, into "Lexis-Nexis File and Serve" immediately upon being rendered and the ordered satisfaction was readily viewable by any Lexis-Nexis subscriber.

14. That Defendant Equifax uses Lexis-Nexis nationwide as its source of state court judgment information for use in its consumer reports and the full record was thus readily available to Equifax and showed the judgment satisfied. Further, there was absolutely no basis to report the amount of the proposed garnishment as a judgment.

15. That after the state court's order finding the judgment satisfied and the

order was entered in Lexis-Nexis, Defendant Equifax issued one or more consumer reports that were inaccurate in that they reported Plaintiff having an unsatisfied judgment in the amount of the attempted garnishment which had previously been ruled invalid and satisfied.

16. Thereafter, Plaintiff disputed with Defendant Equifax, in writing, the accuracy and completeness of the unsatisfied judgment.

17. In response to Plaintiff's dispute, Defendant Equifax treated the erroneous information as verified and so informed Plaintiff.

18. Defendant Equifax thereafter issued consumer reports regarding plaintiff listing the inaccurate unsatisfied information by willfully, or alternatively, negligently, failing to use reasonable procedures to insure the maximum possible accuracy of the reports in violation of 15 U.S.C. § 1681e(b).

19. Defendant willfully or alternatively negligently failed to conduct a reasonable investigation of Plaintiff's dispute and thus failed to correct its records.

20. That as a result of the violations Plaintiff sustained recoverable emotional distress, embarrassment.  Further plaintiff has incurred and is incurring legal fees in bringing this action.

WHEREFORE: Plaintiff prays judgment against the defendant in such sum as is reasonable, plus punitive damages in such sum as is just and reasonable, plus attorney's fees and her costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted this ___ day of March, 2011.

/s/ Blair Drazic_____
Blair K. Drazic
743 Horizon Ct., Suite 204
Grand Junction, CO 81506
Phone 970-623-1193
Fax 888-858-0992
E-mail: blairdrazic@gmail.com