## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

**CIVIL ACTION NO.: 1:11-cv-00718-CMA**

TRACY SHEPHERD,

                Plaintiff,

v.

LIBERTY ACQUISITIONS, LLC and
ROBERT G. BUSCH, P.C. d/b/a BUSCH
PROFESSIONAL CORPORATION and
EQUIFAX INFORMATION SERVICES
LLC,

                Defendants.

---

### DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

---

NOW COMES Defendant Equifax Information Services LLC ("EIS"), by Counsel, and files its Answer and Defenses to Plaintiff's Complaint.

### ANSWER

In answering the Complaint, EIS states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. EIS denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint. In response to the specific allegations in the enumerated paragraphs in the Complaint, EIS responds as follows:

1.  EIS admits that Plaintiff is an adult "consumer" who resides in Colorado. EIS denies it is liable to Plaintiff for any violation of the FCRA or FDCPA. EIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.      EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3.      EIS admits it is a consumer reporting agency doing business in the State of Colorado.  EIS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4.      EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5.      EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6.      EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.      EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8.      EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.      EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10.     EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11.     EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12.     EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13.     EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14.     EIS denies the allegations contained in Paragraph 14.

15.     EIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16.     EIS admits that on August 7, 2010 it received, from Plaintiff, a dispute regarding the accuracy of a judgment by Liberty Acquisitions.

17.     EIS denies the allegations contained in Paragraph 17.

18.     EIS denies the allegations contained in Paragraph 18.

19.     EIS denies the allegations contained in Paragraph 19.

20.     EIS denies the allegations contained in Paragraph 20.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, EIS pleads the following defenses to the Complaint:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against EIS upon which relief can be granted.  The complaint and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against EIS and further fails to state facts sufficient to entitle the Plaintiffs to the relief sought, or to any other relief whatsoever, from EIS.

## SECOND DEFENSE

Plaintiff's damages, if any, were not caused by EIS, but by another person or entity for whom or for which EIS is not responsible.

## THIRD DEFENSE

The complaint is barred by the applicable statutes of limitation, including but not limited to, 15 U.S.C. § 1681p.

## FOURTH DEFENSE

To the extent Plaintiff's Complaint seeks the imposition of punitive damages, EIS adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003) and *SAFECO Insurance Co. of America v. Burr*, 551 U.S. 47, 127 S. Ct. 2201 (2007).

## FIFTH DEFENSE

Plaintiff's claim for punitive damages is barred by the provisions of 15 U.S.C. §1681n.

## SIXTH DEFENSE

EIS complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## EIGHTH DEFENSE

The Complaint is barred by the fault and negligence of other persons or entities and Plaintiff's damages, if any, should be apportioned according to the principles of comparative fault.

## NINTH DEFENSE

EIS reserves the right to plead additional defenses that it learns of through the course of discovery.  move this to the end

WHEREFORE, having fully answered or otherwise responded to the allegations contained in Plaintiffs' Complaint, EIS prays that:

(1)    Plaintiffs' Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)    That EIS be dismissed as a party to this action;

(3)    That this lawsuit be deemed frivolous and EIS recover from Plaintiff its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(4)    That EIS recover such other and additional relief, as the Court deems just and appropriate.

Respectfully submitted this 24th day of May 2011.

EQUIFAX INFORMATION SERVICES LLC

By: */s/ Michael D. Douglas*
　　　Brian P. Gaffney
　　　Snell & Wilmer, LLP
　　　1200 Seventeenth Street
　　　Tabor Center, Suite 1900
　　　Denver, CO 80202
　　　Tel:      (303) 634-2068
　　　Fax:      (303) 634-2020
　　　Email: bgaffney@swlaw.com

　　　Michael D. Douglas
　　　King & Spalding LLP
　　　1180 Peachtree Street
　　　Atlanta, GA 30309
　　　Tel:  (404) 572-4600

Fax:  (404) 572-5100
Email:  MDouglas@KSLaw.com

Attorneys for Defendant Equifax
Information Services LLC

**<u>Certificate of Service</u>**

I certify that on May 24, 2011, the foregoing **DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** was filed using the Court's CM/ECF system addressed as follows:

Blair K. Drazic
743 Horizon Court, Suite 204
Grand Junction, CO  81506
blairdrazic@gmail.com

*Attorney for Plaintiff*

*/s/ Michael D. Douglas*