**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 11-cv-00718-CMA-MEH

TRACY SHEPHERD,

    Plaintiff,

v.

LIBERTY ACQUISITIONS, LLC, and
ROBERT G. BUSCH, P.C. d/b/a BUSCH PROFESSIONAL CORPORATION,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO RECONSIDER

    This matter is before the Court on "Plaintiff[']s Opposed Motion to Reconsider the Court's Ruling (Doc. # 40) Granting Partial Summary Judgment in Favor of Defendants Liberty Acquisitions and Robert G. Busch P.C. on the Issue of Actual Damages." (Doc. # 42.)  For the reasons discussed below, the motion is granted.

    A litigant who seeks reconsideration of an adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Under Rule 59, a motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  Because Plaintiff filed her motion to reconsider within ten days of judgment being entered, the Court will review it under Rule 59.

The three main grounds that justify reconsideration are: "(1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Put simply, a motion to reconsider is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

In the instant case, when ruling on dispositive motions the parties had submitted, the Court granted summary judgment in Plaintiff's favor on liability but granted summary judgment in Defendants' favor as to actual damages. (Doc. # 40 at 18-19.) The Court determined that Plaintiff was not entitled to actual damages "for the emotional distress she allegedly suffered" as a result of Defendants' conduct, based on the reasoning stated by the Court in its Order granting the motion for summary judgment of former Co-Defendant Equifax Information Services LLC ("Equifax"). (*Id.*)

In the instant motion, Plaintiff correctly argues that the Court erred in this respect because "the issue [of actual damages] was not before the Court." (Doc. # 43 at 2.) The Court has reviewed the filings pending at the time of its ruling. Neither Plaintiff nor Defendants had sought summary judgment as to damages. (*See* Doc. ## 17 and 18.) In fact, Defendants acknowledged at the time that "[d]amages are to be determined by a jury." (Doc. # 22 at 4.) As such, the Court agrees that it clearly erred in granting summary judgment on an issue that had not been raised.

To be sure, Defendants are correct that "[a] court always has the option to grant summary judgment *sua sponte*." (Doc. # 48 at 2.)  However, as Plaintiff points out, "[w]hile the Court may *sua sponte* grant summary judgment, it must first place Plaintiff on notice so that she may submit her evidence." (Doc. # 43 at 3.)  The Tenth Circuit has explained that "[a] court may grant summary judgment sua sponte so long as the losing party was on notice that [it] had to come forward with all of [its] evidence." *Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc.*, 131 F.3d 874, 892 (10th Cir. 1997) (quotation marks omitted).  Even Defendants seem to acknowledge as much via their citation to *Goldstein v. Fidelity & Guaranty Insurance Underwriters, Inc.*, 86 F.3d 749, 751 (7th Cir. 1996), for the proposition that it is "largely unnecessary to consider a motion *sua sponte* as a district court may always invite a motion for summary judgment from a non-moving party" (Doc. # 48 at 2).  In the instant case, the Court did not invite a motion for summary judgment on damages and, given the absence of the issue in the parties' filings, notice that the Court was going to rule on actual damages was clearly lacking.

Moreover, the Court finds that Plaintiff was prejudiced by the Court's *sua sponte* action because, as related in the instant motion, Plaintiff had evidence of actual damages that differed from the evidence the Court found unpersuasive in her claim against Equifax.  (*See* Doc. ## 43 at 4-11; 42-1.)  Because of the lack of notice previously discussed, the Court was unaware of such evidence.  Defendants assert that Plaintiff's evidence of damages does not support her claim.  (Doc. # 48 at 2-7.)

However, the Court views this evidence as capable of leading a reasonable jury to return a verdict for either party; as such, Defendants' arguments rest on genuine disputes of material fact that are appropriately determined only by the finder of fact.[1] *See Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Accordingly, it is ORDERED that "Plaintiff[']s Opposed Motion to Reconsider the Court's Ruling (Doc. 40) Granting Partial Summary Judgment in Favor of Defendants Liberty Acquisitions and Robert G. Busch P.C. on the Issue of Actual Damages" (Doc. # 42) is GRANTED.  As such, it is

FURTHER ORDERED that the Court's "Order Granting Plaintiff's Motion for Partial Summary Judgment as to Defendants Liberty Acquisitions, LLC and Robert G. Busch, P.C. and Granting in Part and Denying in Part Defendants['] Motion for Summary Judgment" (Doc. # 40) is VACATED IN PART to the extent the Court found Plaintiff not entitled to actual damages for the emotional distress she allegedly suffered.  It is

FURTHER ORDERED that this matter WILL BE SET for a one-day jury trial on the issue of actual damages.  As such, it is

FURTHER ORDERED that Counsel are to call in to Chambers (303-335-2174) via conference call **no later than March 29, 2013,** to set a date for trial.  Finally, in light of the foregoing analysis, it is

---

[1]  For the same reason, the Court rejects Defendants' attempt to support the Court's prior ruling by arguing that Plaintiff failed to mitigate her damages.  (Doc. # 48 at 7-8.)

FURTHER ORDERED that Plaintiff's "Motion for Attorney[']s Fees" (Doc. # 44) and Defendants' "Motion to Amend Judgment" (Doc. # 46) are DENIED AS MOOT.

DATED:  March   15  , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge